## UNITED STATES v. COLANGELO.
### No. 8497.

District Court, E. D. New York.
April 27, 1939.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the motion.

L. William Santasiere, of New York City (David Berger, of New York City, of counsel), opposed.

CAMPBELL, District Judge.

This is a motion for a new trial under Rule 59 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This is an action to cancel a certificate of naturalization, and was tried before me, without a Jury.

The motion for a new trial is made on the ground of alleged newly discovered evidence.

Counsel for the plaintiff has an erroneous impression as to the grounds on which I dismissed the action. They were primarily because there was absolute lack of identification of the defendant, as the person who was convicted in Italy as shown by the evidence presented on the trial, and further, because the evidence was not, in my opinion, sufficient, because of lack of identification, to warrant the cancellation of the certificate of naturalization.

It is true, that in my opinion, based upon the evidence then before me, I found that the defendant could not have been the person named in the Italian certificate, offered on the trial, as having been sentenced by the Italian Courts, because, on the other evidence before me, he could not have been in Italy at the time.

This was purely collateral to the main issue of lack of identification, and the evidence which the plaintiff now seeks to offer would not change my decision in the case, because the evidence, which plaintiff seeks to offer, furnishes no better identification of the defendant, as the person mentioned in the Italian certificate.

There is a grave doubt in my mind as to whether the evidence plaintiff seeks to offer is newly discovered evidence, because, while it was not in the possession of the Department that was furthering the prosecution, it was in the possession of another Department of the United States Government. However, I will give the plaintiff the benefit of the doubt, and while I decline to grant the motion for a new trial, I will allow the opening of the case for the reception of the evidence which will be hereinafter described, and any evidence in opposition thereto, which defendant may desire to offer.

This is clearly within the provisions of Rule 59, because, in this case, only my opinion has been rendered. No findings of fact and conclusions of law or judgment have been made or filed.

The case is reopened, to the extent that the Italian certificate attached to the motion papers in United States of America against Mauro Colangelo, Equity No. 8497, is received in evidence, and will be marked as an exhibit, with a number following that of exhibits received on the trial. Also, the affidavit of Luigi Dionisi, verified the 27th day of February, 1939, and attached to the motion papers of United States of America against Mauro Colangelo, Equity No. 8497, will be received in evidence and marked with an exhibit number following that of the Italian certificate last referred to.

The defendant is given ten days after service of the order to be entered hereon upon his attorney, in which to offer any evi-

dence that he may desire to offer in opposition to the evidence herein allowed to be offered by plaintiff, on a day to be fixed by him within that time on notice to the United States attorney, and if he desires, the plaintiff must present for cross-examination before this Court on the said day, Luigi Dionisi, and the Court will then make such amendment as may be required, to its opinion heretofore rendered herein and appropriate findings of facts, and conclusions of law will be requested.